IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 5:18-CR-00035 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| PAUL DAVID DENNISON II | )     United States District Judge |

**MEMORANDUM OPINION AND ORDER**

The defendant, Paul David Dennison II, was charged with two counts of possession with the intent to distribute methamphetamine, one count of being a felon in possession of a firearm, and one count of possessing a firearm in furtherance of a drug trafficking crime. On November 5, 2019, the court sentenced Dennison to 120 months, consisting of 60 months as to counts 1–3 to run concurrently, and 60 months as to count 4 to run consecutively. Following the sentencing, Dennison moved to reconsider the sentence, or in the alternative, to correct clear error under Federal Rule of Criminal Procedure 35(a). Dennison argues that the court committed clear error when it stated at the sentencing hearing that he had not objected to the drug weight calculation in paragraph seven of the presentence report. The PSR found 1,024 grams of methamphetamine[1] attributable to Dennison, but for purposes of guideline computations, Dennison would be held responsible for 350 to 500 grams of a mixture containing methamphetamine or at least 35 grams but less than 50 grams of methamphetamine (actual), as stipulated in the plea agreement.

At sentencing, Dennison argued that the existing disparity between pure (or actual) methamphetamine and methamphetamine mixture, in the statutory and guideline framework, is

---

[1] Only 16 grams of this amount were tested by the lab and found to have a very high level of purity. The remaining amount of 1,008 grams could be considered a mixture containing methamphetamine. That amount of methamphetamine mixture would place him above the stipulated base offense level of 28 for 350 grams to 500 grams methamphetamine mixture and 35 grams to 50 grams actual methamphetamine.

unwarranted. Two recent cases in this judicial district have addressed this issue. In the first case, the court varied downward based on a "categorical policy disagreement with the methamphetamine Guidelines." *United States v. Moreno*, Criminal Action No. 5:19CR002, 2019 WL 3557889, at *1 (W.D. Va. Aug. 5, 2019). In the second case, the court found that it was "not inappropriate for the Sentencing Guidelines to treat higher purity methamphetamine more seriously, in light of its increased popularity, its more profound effect on the user, and its connection with international crime syndicates." *United States v. Farris*, Case No. 1:18CR00025, 2019 WL 5073567, at *7 (W.D. Va. Aug. 9, 2019).

At sentencing, the court noted that the issue was moot in this case because of the lack of defendant's objection to the PSR and the fact that the methamphetamine mixture weight, according to the PSR, clearly exceeded the stipulated methamphetamine mixture amount for the stipulated base offense level. Thus, a disparity between pure or actual methamphetamine and a mixture containing methamphetamine was irrelevant. Nonetheless, even if the court erred in stating that Dennison had not objected to the drug weight calculations in the PSR, such error is harmless because the court does not find that the disparity between actual or pure methamphetamine and a mixture containing methamphetamine is unwarranted, and it does not have a categorical policy disagreement with the methamphetamine guidelines.

The court agrees with the government's position in this case. The Sentencing Commission's guidelines for methamphetamine are based on the statutory scheme set forth by Congress regarding mandatory minimum sentences for different types of drugs, different amounts of drugs, and, in the case of methamphetamine, different levels of purity. It is not for this court to determine which drugs are deemed most dangerous or whether that danger is measured by addictive qualities, amounts in the community, the number of addicts, the number

of serious injuries or deaths, the number of crimes committed by persons using or distributing a certain drug, or where the drug originates. That is a policy decision determined and enacted by Congress, and if it is time for that policy to change, Congress is the appropriate branch of government to enact that change.

Thus, given the court's position, even if the court erred in stating that Dennison did not object to the drug weight calculation, such error was harmless. Therefore, Dennison's motion to reconsider (Dkt. No. 41) is DENIED.

Entered: November 19, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge